# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                  **Case No. 15-CR-129**

**DONTA HOLMES, JR.**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Donta Holmes moves to dismiss an indictment charging him with a violation 18 U.S.C. § 922(g)(3), which proscribes the possession of a firearm by a person "who is an unlawful user of or addicted to any controlled substance." Defendant argues that this provision is unconstitutionally vague because it fails to give fair notice of the conduct it punishes and invites arbitrary enforcement.[1] See Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) (stating that the government violates due process by "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement").

Defendant concedes that the Controlled Substances Act defines the term "addicted" with sufficient precision, see 21 U.S.C. § 802(1), but he notes that term "user" is left undefined. Specifically, the statute fails to describe how frequently the person must use drugs and whether such use must be proximate to his possession of a firearm. In order to combat this uncertainty,

---

[1]Defendant also argues that the statute violates the Second Amendment, but he concedes that this argument is foreclosed by Seventh Circuit precedent. United States v. Yancey, 621 F.3d 681, 687 (7th Cir. 2010). He raises the issue in order to preserve it for review by a higher court.

courts have added a temporal element, see, e.g., Yancey, 621 F.3d at 687 ("The prohibition in § 922(g)(3) bars only those persons who are current drug users from possessing a firearm[.] Every circuit to have considered the question has demanded that the habitual abuse be contemporaneous with the gun possession."); United States v. Turnbull, 349 F.3d 558, 561 (8th Cir. 2003) ("The term 'unlawful user' is not otherwise defined in the statute, but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use."), vacated on other grounds, 543 U.S. 1099 (2005), but defendant argues that under the separation of powers only Congress can define a federal crime, see United States v. Herrera, 313 F.3d 882, 889 (5th Cir 2002) (DeMoss, J., dissenting), and the Supreme Court in Johnson rejected ad hoc judicial attempts to give meaning to a standardless criminal statute, 135 S. Ct. at 2558. He further contends that, given the number of people who use or have used marijuana in this country, § 922(g)(3) improperly allows police and prosecutors to "pursue their personal predilections" in deciding whom to charge, Kolendar v. Lawson, 461 U.S. 352, 358 (1983), and because the statute does not indicate when a person ceases to be a "user" it is impossible to know when, if ever, a person who once took drugs is allowed to possess a firearm.

Defendant raises serious questions about the scope of 922(g)(3), but in order to succeed on his motion defendant must show that the statute is vague as applied to his conduct. See United States v. Plummer, 581 F.3d 484, 488 (7th Cir. 2008) (noting that void-for-vagueness challenges are analyzed as applied unless First Amendment interests are threatened); United States v. Berry, 60 F.3d 288, 293 (7th Cir. 1995) ("This vagueness argument must be considered . . . in the context of the evidence presented in this case."). In the present case, the government indicates that defendant admitted in a post-arrest statement

2

that he habitually smoked marijuana for the past four years, that he smoked marijuana at least a couple of times per day, and that he smoked marijuana earlier on the day he was arrested.[2] (R. 29-2 at 2.)  Courts have regularly denied vagueness challenges under similar facts.  See, e.g., United States v. May, 538 Fed. Appx. 465, 465-66 (5th Cir. 2013) ("Because an ordinary person would understand that May's use of marijuana while in possession of firearms established him as an 'unlawful user' in violation of § 922(g)(3), the statute is not unconstitutionally vague as applied to May."); United States v. Richard, 350 Fed. Appx. 252, 261 (10th Cir. 2009) ("There was ample evidence that Mr. Richard was a regular user of methamphetamine during a time period when he possessed at least one firearm."); United States v. Edwards, 540 F.3d 1156, 1162 (10th Cir. 2008) ("Given the ample evidence of Defendant's heavy, habitual drug use in the year during which he possessed the firearms at issue, we conclude that the statute was not unconstitutionally vague as applied to him."); United States v. Monroe, 233 Fed. Appx. 879, 881(11th Cir. 2007) ("The evidence at trial established that, in the days and weeks leading up to his arrest, Monroe smoked crack cocaine.  Ordinary people would understand that this conduct constituted unlawful use of a controlled substance within the meaning of § 922(g)(3)."); United States v. Jackson, 280 F.3d 403, 406 (4th Cir. 2002) ("While we do not doubt that the exact reach of the statute is not easy to define, we agree with the government that this is not a borderline case.  The officer testified that he smelled marijuana as he approached the car and that Jackson admitted to smoking marijuana twice a day for many years, including earlier that evening.  Given the evidence, Jackson violated the plain meaning of the statute."); United States v. Purdy, 264 F.3d 809, 812 (9th Cir. 2001)

---

[2]At the evidentiary hearing on a defense motion to suppress, defendant admitted using marijuana on the day of his arrest.  (R. 15 at 105:13-15.)

3

(rejecting vagueness challenge where trial testimony established that the defendant had used illegal drugs on a regular basis for years, and that he had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm); United States v. Lacy, No. 09-CR-135, 2009 U.S. Dist. LEXIS 103532, at *7 (Nov. 6, 2009) ("Lacy admitted to law enforcement that he had smoked marijuana for years, and had smoked marijuana earlier on the day that the rifle was seized.").

In his reply brief, defendant contends that § 922(g)(3) must be struck down because it "has no core." Smith v. Goguen, 415 U.S. 566, 578 (1974). However, the cases he cites in support of this argument involved First Amendment issues. See United States v. Williams, 553 U.S. 285 (2008) (upholding child pornography pandering statute); Smith, 415 U.S. at 573 (striking down a flag contempt statute); Coates v. City of Cincinnati, 402 U.S. 611, 615 (1971) (striking down statute that forbid the assembly of persons who conducted themselves in a manner annoying to others passing by); see also Holder v. Humanitarian Law Project, 561 U.S. 1, 18-19 (2010) (explaining that the court considers whether a statute is vague as applied to the particular facts at issue, for a person who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others; when a statute interferes with the right of free speech or of association, a more stringent vagueness test applies, although even then perfect clarity and precise guidance is not required).

Defendant concedes that even if the text of the statute leaves some uncertainty a vagueness challenge fails if the statutory terms have come to have a settled legal meaning, see, e.g., United States v. Yucel, 97 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2015), but he argues that the term "unlawful user" is a wholly subjective judgment without statutory definition,

4

narrowing context, or settled legal meaning. However, he cites no authority in support of this argument, nor does he attempt to distinguish the many cases rejecting vagueness challenges to § 922(g)(3). See also United States v. Thomas, 426 Fed. Appx. 459, 461 (7th Cir. 2011). That the term "unlawful user" may lack the concreteness of some of the other prohibited person definitions in § 922(g) does not require a different result. Nor, given the limiting construction uniformly adopted by the courts, does the statute's potentially broad scope (based on the number of current and former drug users in this country) make it unconstitutionally vague. See Yancey, 621 F.3d at 687 ("[T]he gun ban extends only so long as Yancey abuses drugs. In that way, Yancey himself controls his right to possess a gun[.]").

Defendant next contends that, because the Court in Johnson struck down the ACCA's residual clause without examining the statute as applied, I should review § 922(g)(3) in the same manner. However, the Johnson Court considered a vagueness challenge in the context of the categorical approach it had adopted for ACCA cases. See 135 S. Ct. at 2557, 2562. Under the categorical approach, the court considers a judicially imagined "ordinary case," not real-world facts. Id. at 2557-58. The Court struck down the residual clause because of the grave uncertainty involved in estimating the degree of risk posed by a judge-imagined abstraction. Id. at 2558. Section 922(g)(3), on the other hand, is applied to the actual facts of the case at bar. The Johnson Court further noted the failure of persistent efforts to establish a workable standard for residual clause cases. Id. Unlike the residual clause of the ACCA, § 922(g)(3) has not created a "black hole of confusion." Id. at 2562. Rather, courts have uniformly required proof that the defendant is a current drug user because of the tenses Congress used in the statute. See Yancey, 621 F.3d at 687.

Finally, defendant argues that, even as applied to his alleged conduct, the statute is

5

unconstitutionally vague. He notes that no one can say he was "high" at the time of his arrest, and that § 922(g)(3) lacks the clear requirement of THC in the offender's system found in Wisconsin's operating the influence statute. While courts have held that a defendant's drug use must be contemporaneous with his firearm possession, they have not required the government to show the defendant was under the influence of an illegal drug at the exact same time he possessed a firearm. United States v. Bennett, 329 F.3d 769, 777 n.4 (10th Cir. 2003). Defendant cites no authority to the contrary.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (R. 26) is **DENIED**.[3]

Dated at Milwaukee, Wisconsin, this 5th day of January, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[3]Some courts have concluded that ruling on a vagueness challenge should be reserved until the close of evidence at trial. See, e.g., United States v. Lopez, No. 12-CR-237, 2013 U.S. Dist. LEXIS 87551, at *8 (E.D. Wis. Apr. 5, 2013), adopted, 2013 U.S. Dist. LEXIS 86910 (E.D. Wis. June 20, 2013). My denial of the instant motion is without prejudice to its renewal should the case go to trial. See United States v. Keys, 390 F. Supp. 2d 875, 886 (D.N.D. 2005).

6